UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LAWRENCE HIGGINS et al., | ) |
| | ) |
|     Plaintiffs | ) |
| v. | )    No. 1:21-cv-00369-NT |
| | ) |
| HUHTAMAKI, INC., et al., | ) |
| | ) |
|     Defendants | ) |

*MEMORANDUM DECISION AND ORDER RE:*
*MOTION FOR EXPEDITED DISCOVERY*

The plaintiffs in this case allege that the defendants – all of whom operate paper mills and/or waste treatment businesses – have contaminated their land and water supplies with toxic levels of per- and polyfluoroalkyl substances (PFAS). *See* Complaint (ECF No. 1-1) at 2. The matter is before me on the plaintiffs' motion for expedited discovery, in which they seek an order compelling each defendant to answer interrogatories regarding its use of PFAS-containing products. *See* Plaintiff's Motion for Limited Expedited Discovery and for a Stay of Deadline to File Responsive Pleadings ("Motion") (ECF No. 33). For the reasons that follow, I deny the motion.[1]

**I. Background**

The plaintiffs filed their complaint in state court in September 2021. *See* Complaint at 1. In their complaint, they assert seven causes of action based on the alleged contamination of their land and water: (1) ultrahazardous activity/strict liability, (2) negligence, (3) private nuisance, (4) public nuisance, (5) statutory nuisance, (6) negligent infliction of emotional distress, and

---

[1] As part of their motion, the plaintiffs also request a stay of the deadline for the defendants to file responsive pleadings, if expedited discovery is permitted. *See* Motion at 6. Since I am denying the plaintiffs' motion, their request for a stay is moot.

1

(7) medical monitoring. *See id.* at 17-26. In December 2021, defendant Huhtamaki, Inc., removed the action to this court. *See* Notice of Removal (ECF No. 1). The plaintiffs filed the instant motion on January 5, 2022; thereafter, the defendants[2] filed their joint opposition, and the plaintiffs' filed their reply. *See* Motion; Defendants' Opposition to Plaintiffs' Motion for Limited Expedited Discovery and for a Stay of Deadline to File Responsive Pleadings ("Opposition") (ECF No. 42); Reply in Support of Plaintiffs' Motion for Limited Expedited Discovery ("Reply") (ECF No. 44). On January 26, 2022, the defendants also jointly moved to dismiss the plaintiffs' complaint. *See* [Defendants'] Joint Motion to Dismiss (ECF No. 52).

## II. Legal Standard

Unless the court orders otherwise or the parties agree, a party generally may not seek discovery before a Fed. R. Civ. P. 26(f) conference is held. *See* Fed. R. Civ. P. 26(d)(1). In considering whether a party's request for expedited pre-conference discovery is reasonable, courts look at a variety of factors including "the purpose for the discovery, the ability of the discovery to preclude demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity." *McMann v. Doe*, 460 F. Supp. 2d 259, 265 (D. Mass. 2006); *see also Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 258-59 (D. Me. 2008) (applying the *McMann* factors); *Fortuna v. Winslow Sch. Comm.*, No. 1:21-cv-00248-JAW, 2021 WL 5066094, at *1 (D. Me. Oct. 31, 2021) (same).[3]

---

[2] Hereinafter, in referencing "the defendants," I am referring to all of the defendants except Infinity Asset Solutions and New Mill Capital, LLC, which apparently have not been served. I note also that defendants Huhtamaki Oyj, S.D. Warren Company, and Sappi Ltd. have been voluntarily dismissed. *See* Notices of Voluntary Dismissal (ECF Nos. 51, 55, 57).

[3] I am not persuaded by the plaintiffs' suggestion that the *McMann* factors should be eschewed because the 2015 amendments to the rules eliminated Fed. R. Civ. P. 26(b)'s good cause requirement and replaced it with an overarching relevance and proportionality standard. *See* Reply at 3-4. Even though the current version of rules "does not say so, it is implicit that some showing of good cause should be made to justify" an order permitting early discovery. 8A Richard L. Marcus, *Federal Practice and Procedure* § 2046.1, Westlaw (database updated April 2021). Moreover,

### III.  Discussion

In their motion, the plaintiffs seek an order compelling the defendants to respond to the following interrogatories within 30 days:

> **Interrogatory 1.**  With respect to each per or polyfluoroalkyl containing substance ("PFAS") used at the paper mills referenced in Plaintiffs' Complaint pleased state the following:
>
>     a.    The name of the PFAS product;
>
>     b.    The identity of the manufacturer of the PFAS product;
>
>     c.    The identity of the seller of the PFAS product if it was not the manufacturer; and
>
>     d.    The type of waste generated (*i.e.* anything other than the subject of the production line) from each production line that used PFAS and how such waste streams were disposed of, specifically identifying any person or entity removing such waste and stating the location of the final disposition of such waste.
>
> **Interrogatory 2.**  With respect to the possible sources of PFAS contamination of Plaintiffs' wells from sources other than your, or another Defendant's, operations, please describe to the best of your information and belief the life-cycle of PFAS contaminants by stating where you believe the PFAS contaminants originated and how you believe they came to be present in Plaintiffs' water supply.  In doing so please identify all persons or entities possessing such material.
>
> **Interrogatory 3.**  With respect to any paper mill you have owned or operated in Maine, please identify the owners and operators of the mill from 1950 to date and state, to the best of your information and belief, whether or not PFAS products were used in the production process during the owner and/or operator's tenure.

Motion at 5-6.

The plaintiffs contend that early answers to these interrogatories "will serve the interests of justice and efficiency" by allowing them to identify "other potential defendants" before seeking

---

the case that the plaintiffs cite for this suggestion did not address the issue.  *See Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 n.2 (D.C. Cir. 2020) (holding "under any applicable standard" that the district court abused its discretion in denying the plaintiff's request for early discovery and declining to address "whether the 'good cause' standard continues to apply under the current version of Rule 26.").

to amend their complaint and putting all the currently named defendants "to the burden of responding" to that amended complaint. Motion at 4. It is the plaintiffs' belief "that the information responsive to the . . . three interrogatories has already been identified by" the defendants "and presents little to no burden for them to provide at the inception of this case." *Id.* at 6.

The defendants, citing *McMann*, argue that the plaintiffs "have not shown that early discovery is necessary to prevent irreparable harm" and that their request is "extreme[ly]" premature. Opposition at 4. To allow expedited discovery at this point, the defendants contend, "would prejudice [them] by forcing them to spend significant time and expense investigating and answering Plaintiffs' interrogatories before they have had the opportunity" to challenge the validity of the plaintiffs' claims. *Id.* They point out that the plaintiffs' proposed interrogatories seek "detailed information of mill operations dating back thirty to forty years" and that "[m]any of the mill operations cited by Plaintiffs ceased or changed ownership decades ago." *Id.*

In their reply, the plaintiffs rejoin that the *McMann* factors weigh in their favor. *See* Reply at 4-5. They assert that the purpose of their requested expedited discovery is to "learn the identity of the manufacturers and haulers of the PFAS chemicals that have ended up in their water and land," and that they will suffer irreparable harm if they are "forced to wait until a Rule 26 conference and full-blown discovery to determine the identities of the proper defendants, only to begin again with motions to dismiss and negotiation of discovery protocols." *Id.* The plaintiffs argue that the defendants would only be obligated "to provide information they possess" and that they have likely already collected some of the information because the Environmental Protection Agency (EPA) "posted proposed rules last summer that would require [the defendants] to provide infinitely more detailed information for [PFAS-related] activities since 2011." *Id.* at 5. Finally,

4

they assert that their request is "not premature because the goals of efficiency and speed will only be served if they are" permitted to engage in early discovery. *Id.*

After considering the *McMann* factors, I conclude that the plaintiffs have failed to demonstrate a compelling need for deviating from the usual course of discovery.

First, although I understand the plaintiffs' argument that it would be more efficient for them to identify potential additional defendants sooner rather than later, I am not persuaded that they will be irreparably harmed if forced to proceed through the normal course of discovery.[4] Indeed, if the mere possibility of having to amend a complaint because of new information learned during discovery were enough to show irreparable harm, courts would be obligated to allow early discovery in nearly every case. Additionally, the plaintiffs have already identified over a dozen defendants, which distinguishes this case from those in which a plaintiff could not proceed without early discovery. *Cf. Strike 3 Holdings, LLC*, 964 F.3d at 1205-07, 1214 (holding that the district court abused its discretion in dismissing a case after refusing to permit early discovery to enable the plaintiff to identify an anonymous defendant known only by an IP address); *McMann*, 460 F. Supp. 2d at 265 ("In this case, the [early] discovery is essential. Without the ability to issue a subpoena, [defendant] John Doe's true name would remain unknown, this suit could not proceed, and [the plaintiff] could receive no remedy.").

Second, the plaintiffs' request is premature; the defendants should be allowed to test the sufficiency of the plaintiffs' claims before being put to the burden of responding to discovery

---

[4] Citing efficiency, the plaintiffs also point to Fed. R. Civ. P. 1, which states that the Rules of Civil Procedure "should be construed, administered, and employed by the court to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Motion at 1; Reply at 2. They suggest that their proposed early discovery would serve the purposes of Rule 1 and "avoid unnecessary expense and effort by all parties and the Court." Reply at 2. The potential efficiency of the plaintiffs' proposal, however, must be balanced against the fairness of subjecting the defendants to early discovery. *See* 4 Adam N. Steinman, *Federal Practice and Procedure* § 1029, Westlaw (database updated Apr. 2021) ("Rule 1 . . . delineates a tension inherent in the rules. . . . '[S]peed' often saves 'expense' but at the cost of 'justice.'").

requests. *See Fortuna*, 2021 WL 5066094, at *1 ("[T]he plaintiff's request [for expedited discovery] is premature in light of the defendants' pending motion to dismiss."); *Jimenez v. Nielsen*, 326 F.R.D. 357, 361 (D. Mass. 2018) (noting that courts "ordinarily defer discovery while a motion to dismiss is pending"); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) ("The very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." (citation and internal quotation marks omitted)).

Finally, the plaintiffs' proposed interrogatories are far from "limited." Rather than being narrowly tailored to identifying potential additional defendants, the interrogatories seek wide-ranging information regarding the defendants' use and disposal of PFAS-containing products, the life cycle of PFAS contaminants, potential sources of PFAS contamination, and ownership details dating back more than 70 years. *See* Motion at 5-6. Responding to such extensive requests would impose a substantial burden on the defendants that is incommensurate with the early stage of this case, and I am not persuaded otherwise by the plaintiffs' speculative argument that the defendants may have already gathered some of the information. As the defendants point out, the broad discovery that the plaintiffs seek "may have a proper time in the lifespan of this" case, Opposition at 3, but now is not that time.

### IV. Conclusion

For the foregoing reasons, the plaintiffs' motion is **_DENIED_**.

### *NOTICE*

**_In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof._**

**_Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order._**

Dated this 21st day of February, 2022.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge