UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LAWRENCE HIGGINS, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | 1:21-cv-00369-JCN |
| ) | |
| HUHTAMAKI, INC., et al., ) | |
| ) | |
| Defendants ) | |

## AMENDED SCHEDULING ORDER

The Court grants the parties' motion to amend the scheduling order (ECF No. 259) and orders:[1]

1. <u>Track Assignment</u>:  This case is assigned to the Complex Track.

2. <u>Depositions</u>: The parties may take up to fifty (50) depositions, including third-party depositions, per side.

3. <u>Written Discovery</u>: The following written discovery limitations are in addition to the written discovery previously served in this case:

    a. Interrogatories

       • Initial Plaintiffs collectively may serve up to twenty (20) interrogatories, including all discrete subparts, on Defendant Huhtamaki.

---

[1] Counsel for plaintiffs currently before the Court ("Initial Plaintiffs") have indicated the intention to add additional plaintiffs to this case or to file related cases on behalf of additional plaintiffs involving similar claims against the same defendants currently before the Court ("Additional Plaintiffs").  This Order provides a mechanism to begin and complete fact discovery served upon Initial Plaintiffs, Defendants, and third parties. Defendants include those currently before the Court and those properly joined pursuant to Paragraph 6.  This Order further provides a mechanism for the joinder of additional parties, and the exchange of initial information from Additional Plaintiffs.  The parties will meet and confer upon completion of fact discovery among Initial Plaintiffs and Defendants as contemplated herein to discuss the remaining schedule, including fact discovery specific to Additional Plaintiffs, expert discovery, and dispositive motions.

- Initial Plaintiffs collectively may serve up to forty (40) interrogatories, including all discrete subparts, on Supplier Defendants.[2] The interrogatories shall be served on all Supplier Defendants and each Supplier Defendant shall separately respond to each interrogatory. It is anticipated that some interrogatories will not be applicable to all Supplier Defendants. In the event an interrogatory is not applicable to a Supplier Defendant, such Supplier Defendant is not required to make any objections, but shall simply respond "Not Applicable" to any such interrogatory.

- Defendant Huhtamaki may serve up to twenty-five (25) interrogatories, including all discrete subparts, on Initial Plaintiffs collectively.

- Supplier Defendants collectively may serve up to thirty (30) interrogatories, including all discrete subparts, on Initial Plaintiffs collectively. Such interrogatories shall not be duplicative of those served by Defendant Huhtamaki.

b. Requests for Documents

- Initial Plaintiffs collectively may serve up to twenty (20) requests for documents, including all discrete subparts, on Defendant Huhtamaki.

- Initial Plaintiffs collectively may serve up to forty (40) requests for documents, including all discrete subparts, on Supplier Defendants. Service of and responses to these requests shall occur in the same manner as Interrogatories above.

- Defendants collectively may serve up to thirty (30) requests for documents, including all discrete subparts, on Initial Plaintiffs collectively.

c. Requests for Admission

- Initial Plaintiffs collectively may serve up to thirty (30) requests for admission, including all discrete subparts, on Defendant Huhtamaki.

- Initial Plaintiffs collectively may serve up to forty-five (45) requests for admission, including all discrete subparts, on Supplier

---

[2] Supplier Defendants include 3M, BASF, Solenis and any other supplier defendant properly joined pursuant to Paragraph 6.

    Defendants. Service of and responses to these requests shall occur in the same manner as Interrogatories above.

- Defendants collectively may serve up to fifty (50) requests for admission, including all discrete subparts, on Initial Plaintiffs collectively.

4. <u>Subject Matter Jurisdiction</u>: Diversity.

5. <u>Jury Trial</u>: Demanded.

6. <u>Deadline to Submit Amended Consent Confidentiality Order and Stipulated Document Production Protocol</u>: **January 12, 2024**.

7. <u>Deadline for Initial Disclosures and Amendment to Initial Disclosures Pursuant to Fed.R.Civ.P.26(a)(1)</u>: **January 12, 2024**.

8. All motions for leave to join additional defendants shall be filed on or before **March 31, 2024**.
   a. No party waives any arguments or defenses with respect to joinder of additional defendants.

9. All motions for leave to join Additional Plaintiffs shall be filed on or before **June 28, 2024**.
   a. No party waives any arguments or defenses with respect to joinder of Additional Plaintiffs.

10. Additional Plaintiffs shall provide Defendants with Plaintiff Fact Sheets ("PFS"), authorizations for release of medical/employment/workers compensation records, and certain documents by **July 31, 2024**.
    a. The content of the PFS and authorizations, and categories of documents to be provided will be negotiated by the parties within sixty (60) days after the entry of this Order; and to the extent no agreement is reached, decided by the Court.
    b. Completion of PFS will relieve Additional Plaintiffs of the requirement to provide initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

11. After the provision of PFS, authorizations, and documents described in Paragraph 8, the parties will request a status hearing with the Court.

12. <u>Deadline to Complete Fact Discovery on Initial Plaintiffs, Defendants, and Third Parties</u>: **November 22, 2024**.
    a. Counsel are advised that absent some excusable circumstance, discovery initiatives must be undertaken so that the response of the opposing party is filed prior to the discovery deadline.

If a party wishes to modify the terms of this Order, said party may file an appropriate motion setting forth the bases for the requested modification. Within 14 days after completion of fact discovery on Initial Plaintiffs, Defendants, and third parties, the parties shall meet and confer and file a proposed scheduling order to govern the future course of the case.

SO ORDERED.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of January, 2024.