| | |
|---|---|
| LAWRENCE HIGGINS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>HUHTAMAKI, INC., et al.<br><br>Defendants | 1:21-cv-00369-JCN |

## AMENDED CONSENT CONFIDENTIALITY ORDER

The parties to this Amended Consent Confidentiality and Rule 502(d) Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom, and ESI (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER","HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL –ATTORNEYS' EYES ONLY" (collectively hereinafter referred to as "CONFIDENTIAL") and/or "EXPORT CONTROL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal

of the CONFIDENTIAL designation. The right to designate documents as CONFIDENTIAL and/or Export Control is granted to third parties who may be compelled to produce documents, deposition testimony, or other materials by subpoena. This Order shall be served on any such third party with any subpoena served in this matter. Documents shall be designated CONFIDENTIAL and/or Export Control prior to or at the time of the production or disclosure of the documents except for documents produced for inspection under the "Reading Room" provisions set forth in paragraph 5 below. A CONFIDENTIAL designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL.**

(a)     Any party, or third party responding to a subpoena, may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney[1] or a litigant appearing *pro se,* who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as proprietary, commercial or business information (i.e., including but not limited to trade secrets, patent applications, and financial information), settlement discussions, or Confidential Health Information, Protected Health Information, and Personally Identifiable Information.

(b)     Any party, or third party responding to a subpoena, may designate documents as CONFIDENTIAL-ATTORNEYS' EYES ONLY but only after review of the documents by an attorney, or litigant appearing *pro se,* who has in good faith determined that

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the District of Maine and need not file the certification required of visiting lawyers by Local Rule 83.1(c) unless he/she is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

the documents contain information that is so competitively sensitive that it could cause competitive harm to that party if disclosed to another party in this action. Any designation made under this Order shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure, as modified by ¶ 4.

      **(c)**      A party may designate documents as Highly Confidential if it has a good-faith basis to believe that (a) the documents are, constitute, or contain information that is confidential under statute, rule, or other applicable law, including documents, information, or other tangible things that are confidential, proprietary, or commercially sensitive business or financial information, trade secrets, Confidential Health Information, Protected Health Information, Personally Identifiable Information or information that otherwise meets the standard for protection set forth in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and  (b) (i) the document could provide its Competitor(s) with an advantage, including, for example, an economic advantage, or (ii) the document, if released would cause harm to the interests of a governmental entity. If documents are not designated as "Highly Confidential," then they may be shown to a Competitor(s). Further, documents designated as "Highly Confidential" pursuant to this paragraph are not permitted to be shown to a Competitor(s) absent agreement of the producing party or Court Order. A "Competitor" shall mean any manufacturer (including its affiliates) involved in the manufacture or sale of any per- or polyfluoroalkyl substances ("PFAS"), as that term is used in the Complaint in this Action**.** Information or documents that are publicly available may not be designated as level of CONFIDENTIAL.

      **(d)**      Documents may also be designated as "Export Control Information." Export Control Information means documents designated as Export Control in accordance with this Order unless (a) the party that designated the documents withdraws the Export

Control designation, or (b) the Court has determined that the documents do not constitute Export Control material or information. A party may only designate documents as "Export Control Information" if it has a good-faith basis to believe that the documents is subject to United States' export control law and regulations. The regulatory obligations with regard to such documents are specified, respectively, in the Export Administration Regulations ("EAR") at 15 C.F.R. Parts 730-772, and the International Traffic in Arms Regulations ("ITAR") at 22 C.F.R. Parts 120-130. Except as to documents that have already been produced in other litigation and are being re-produced in this litigation, when a Producing Party produces documents that it believes to be subject to an Expert Control designation, the Producing Party will likewise simultaneously provide a description log to the Receiving Party that provides the basis(es) upon which the documents are subject to a claim of ITAR and/or EAR and which precisely identifies bates number or range that applies to the documents. In instances where documents are being re-produced, the description log previously produced with those documents (if one can be reasonably identified) will be re-produced in this Action. If there are further questions, the parties will meet and confer.

(e)    "Confidential Health Information" shall mean any patient health information protected by any state or federal law, including, but not limited to, patient/insured/member medical records, patient/insured/member claims information, and other information that the Producing Party reasonably believes might contain sensitive personal health information. The Parties agree that any Confidential Health Information whether contained in documents produced in the Action or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Order. "Confidential Health Information" does not include any documents in which the Producing Party has redacted the identifiers listed above and does not have actual knowledge that the information could be

used alone or in combination with other information to identify an individual who is the subject of the information. A Producing Party may, but is not required to, perform such redactions before producing documents that originally contained "Confidential Health Information." If a Receiving Party receives documents with Confidential Health Information redacted that it believes, in good faith, is relevant to any claim or defense in the Action, it shall meet and confer with the Producing Party to specifically identify concerns with the scope of redaction and provide a reasonable opportunity to re-produce the documents in an unredacted form.

(f)     "Protected Health Information" shall be defined as set forth in 45 C.F.R. § 160.103, including but not limited to: health information, including demographic information, relating to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual; medical bills; claims forms; charges sheets; medical records; medical charts; test results; notes; dictation; invoices; itemized billing statements; remittance advice forms; explanation of benefits; checks; notices; and requests; and includes all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from Protected Health Information, regardless of form or format, to the extent that they identify or reasonably could be expected to identify an individual. Protected Health Information also includes documents that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member:

•     Names;

- All geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

- All elements of dates (except year) directly related to an individual, including birth date, admission date, discharge date, and age to a level of detail greater than in years;

- Telephone numbers;

- Fax numbers;

- Electronic mail addresses;

- Social security numbers;

- Medical record numbers;

- Health plan beneficiary numbers;

- Account numbers;

- Certificate/license numbers;

- Vehicle identifiers and serial numbers, including license plate numbers;

- Device identifiers and serial numbers;

- Web universal resource locators ("URLs");

- Internet protocol ("IP") address numbers;

- Biometric identifiers, including finger and voice prints;

- Full face photographic images and any comparable images;

- Any other unique identifying number, characteristic, or code;

- Any other information that the Producing Party knows could be used alone or in combination with other Protected Health Information to identify an individual who is subject of the information; and

- Family health or social information.

The Parties agree that any Protected Health Information whether contained in documents produced in this litigation or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Order.

(g)     "Personally Identifiable Information" shall include the following types of information:

i. Social security numbers;

ii. Account numbers, including credit card and bank account numbers;

iii. Certificate/license numbers;

iv. Vehicle identifiers and serial numbers, including license plate numbers;

v. Device identifiers and serial numbers;

vi. Medical record numbers;

vii. Health plan beneficiary numbers;

viii. Web universal resource locators ("URLs");

ix. Internet protocol ("IP") address numbers;

x. Biometric identifiers, including finger and voice prints;

xi. Full face photographic images and any comparable images; and

xii. Any other unique identifying number, characteristic, or code.

The Parties agree that any Personally Identifiable Information whether contained in documents produced in this litigation or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Order.

(h)     The Parties also seek to ensure that any person who receives and stores Confidential Health Information, Protected Health Information, or Personally Identifiable Information in connection with this Action will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the

privacy, integrity, and confidentiality of any Confidential Health Information, Protected Health Information, or Personally Identifiable Information, and to prevent unpermitted use or disclosure of any Confidential Health Information, Protected Health Information, or Personally Identifiable Information they may receive from any person in connection with this Action.

4. **Non-Individual Review Election**. In order to facilitate timely and cost-effective disclosure of a large number of documents that may contain CONFIDENTIAL information, but that have not yet been individually reviewed, the producing party may elect to designate an entire production of documents, or any specified subsection thereof, as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, with the understanding that if, upon review, the party seeking discovery believes such designation is unwarranted for a particular document, that party may bring the document to the producing party's attention for a review of whether to maintain the CONFIDENTIAL designation or remove it, subject to the procedures set forth in ¶ 10. If a party elects to so produce documents, it will inform the party seeking discovery of this election and certify that the documents have not been individually reviewed, and any documents so produced shall be treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER unless and until such time it is designated otherwise by waiver, agreement or order of the Court. The procedure outlined in this paragraph will also apply to all of the confidentiality designations set forth in Paragraph 2.

5. **Reading Room.** The following governs the treatment of paper documents that have not been converted to images; such documents may be made available for review pursuant to Section 3 of the Stipulated Document Production Protocol.

(a) **Reading Room Review.** Paper documents may be made available for review at a party's facility or other physical or electronic controlled location ("Reading

Room") prior to designation as CONFIDENTIAL and/or Export Control. The reviewing party shall identify documents it wishes to have produced on a daily basis. The producing party may produce them within sixty (60) days after the review is completed in accordance with the provisions of Section 3 of the Stipulated Document Production Protocol. Alternatively, the producing party may elect to make the documents selected available for copying, in which case documents identified by the reviewing party shall be made available for onsite scanning or duplication by the reviewing party within fifteen (15) days of the document being identified by the reviewing party. Once the producing party makes the foregoing election, all documents selected by the reviewing party shall be made available to the reviewing party pursuant to that election. If the producing party elects to designate any such documents CONFIDENTIAL and/or Export Control, the copies shall be so marked prior to further production.

(b) **No Waiver of Confidentiality.** The availability of documents for review within the Reading Room shall not be deemed a waiver of any claim of confidentiality, so long as the reviewing parties are advised that pursuant to this Order the Reading Room may contain confidential documents that have not yet been designated CONFIDENTIAL and/or Export Control.

(c) **Treatment of Produced Documents as CONFIDENTIAL - ATTORNEYS' EYES ONLY.** The reviewing party shall treat all documents reviewed in the Reading Room as designated CONFIDENTIAL - ATTORNEYS' EYES ONLY at the time reviewed and until produced with a different CONFIDENTIAL designation.

**6. Depositions.** Deposition testimony shall be deemed CONFIDENTIAL and/or Export Control only if it is designated as such. Any such designation shall be <u>specific as to the portions</u> to be designated CONFIDENTIAL and/or Export Control. Depositions, in whole

or in part, shall be designated on the record as CONFIDENTIAL and/or Export Control at the time of the deposition or within thirty (30) days after delivery of the transcript by the court reporter. Deposition testimony shall remain Highly Confidential until thirty (30) days after delivery of the transcript by the court reporter. Within thirty (30) days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record and to the court reporter as to specific portions of the transcript to be designated CONFIDENTIAL and/or Export Control. Thereafter, those portions so designated shall be protected as CONFIDENTIAL and/or Export Control pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL designation made on the record of the deposition and any right to make further CONFIDENTIAL designations as to the transcript.  If deposition excerpts have not been designated as CONFIDENTIAL and/or Export Control pursuant to this order, they are not to be treated as sealed documents when filed with the court.

**7.      Protection of Confidential Material.**

**(a)      General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶ 7(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof, and in the pursuit of insurance coverage for this Action, which shall include any action concerning insurance coverage for this Action.

**(b)      Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(6), and again only for the limited purpose of preparing for and conducting discovery and any trial in this action,

including any appeal thereof, and in the pursuit of insurance coverage for this Action, which shall include any action concerning insurance coverage for this Action. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

(1) **Outside Counsel.** Documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed to counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

(2) **Parties (including in-house counsel).** Documents designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed to up to five in-house counsel of a party to this Order who do not directly advise on business issues and the secretaries, paralegals, assistants, and other employees necessary to assist such counsel, only to the extent reasonably necessary to render professional services in this Action, but documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may be disclosed to parties and employees of a party to this Order (including in-house counsel) only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation and only after the specifically named individual party or employee has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Documents designated "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may be disclosed to counsel of record for the parties

in this Action, including the outside counsel of the parties and the attorneys, secretaries, paralegals, assistants, and other employees in the same firm/company of such counsel, and the in-house counsel of the parties who do not directly advise on business issues and the secretaries, paralegals, assistants, and other employees of such counsel. Furthermore, subject to the completion of the certification in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, personnel of a defendant-party necessary to assist with the litigation who agree to not disclose any information to other personnel and to use the information disclosed solely for the purpose of assisting with the litigation may have access to documents designated as "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" dated prior to January 1, 2006, to the extent necessary to assist with the litigation;

**(3)** **Court Reporters and Recorders.** Documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed to court reporters and recorders engaged for depositions;

**(4)** **Contractors.** Documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed to those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification

contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(5)** **Consultants and Experts.** Documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY" may be disclosed to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(6)** **Deponents.** Documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed to deponents, provided that the party taking the deposition (if not the producing party) confer with the other parties to the litigation and the producing party in advance of the deposition in a good faith effort to agree on how such documents shall be used and the protections it will be afforded, in the absence of which such agreement any party may seek a conference with the Court in advance of the deposition;

**(7)** **Insurers or indemnitors.** Documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may be disclosed to the insurer or indemnitors of the defendants or any agents retained by the insurers or

indemnitors including independent claims management personnel and counsel.

**(8)** **Others by Consent.** Documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed to other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)** **Access to Export Control Information**. All "Export Control Information" produced in discovery shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action, consistent with the restrictions on use of "Export Control Information" contained in this Protective Order and under applicable United States law. Export Control Information shall not be disclosed to any individual who is not a U.S. Person or stored on cloud servers or any media physically located outside of the United States. By entering into this Protective Order, the parties and their counsel hereby give their assurances that they will implement practices and controls to ensure that access to Export Control Information is restricted to "U.S. persons" in compliance with the International Traffic in Arms Regulations and Export Administration Regulations.

**(d)** **Control of Documents.** Counsel for the parties shall make all reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL and/or Export Control pursuant to the terms of this Order. Counsel shall

maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

(e) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL and/or Export Control under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and/or "EXPORT CONTROL – SUBJECT TO PROTECTIVE ORDER" if the designation does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(f) **Re-Production of Materials from Other Litigation(s)**. To the extent that any Defendant reproduces documents from other litigation(s), all such documents clearly marked as being "Confidential" and subject to a protective order in such litigation will be deemed designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," in this Action (subject to challenge in this case as provided below in Paragraph 10); all such documents clearly marked as being "Attorneys' Eyes Only" and subject to a protective order in such litigation will be deemed as designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," in this Action (subject to challenge in this case as provided below in Paragraph 10); all such documents clearly marked "Export Control Information" will be

deemed designated as "EXPORT CONTROL – SUBJECT TO PROTECTIVE ORDER" in this Action (subject to challenge in this case as provided below in Paragraph 10); and all such documents clearly marked "Highly Confidential" will be deemed designated as "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," in this Action (subject to challenge in this case as provided below in Paragraph 10). For the avoidance of doubt, for purposes of re-productions, the parties agree that the provisions of the respective protective orders entered in other litigations shall remain in full force and effect and shall in no way be superseded or nullified by the entry of this Order, except that no person shall assert or argue that production or use of such re-produced documents in this Action is a violation of any such prior protective orders because of any person not signing the confidentiality acknowledgement of such prior protective orders if the person has signed the Exhibit A to this Order. Nothing in this Amended Consent Confidentiality Order shall permit a party to designate any portion of documents produced from other litigation(s) as "Confidential," "Export Control Information," "Attorneys' Eyes Only" or "Highly Confidential" or to reassert/assert a Confidential, Highly Confidential, Attorneys' Eyes Only, or Export Control claim over such documents or information from other litigation(s) if:

> a.  The documents from the other litigation(s) were not already designated as either "Confidential," "Highly Confidential," "Attorneys' Eyes Only" or "Export Control" under the protective order in the other litigation(s), subject to the permission below;
>
> b.  The confidentiality or Export Control designation for such documents from other litigation(s) had been withdrawn by the prior Producing Party during the other litigation in which it was produced; or

c.      A Court overseeing another litigation(s) in which such documents was/were originally produced overruled the confidentiality or Export Control designation for such documents previously.

d.      For documents reproduced in this Action from other litigation, and subject to the foregoing provisions, a Producing Party is not precluded from amending a designation of reproduced material in a reasonable and particularized manner upon a Producing Party's discovery of need for such amendment(s). In such instances, a Producing Party shall promptly amend an instant designation of reproduced material. Contemporaneously with producing an amended designation, a Producing Party shall set forth in writing the good-faith basis supporting an amended designation and, if requested, shall confer with a Receiving Party about same. A Receiving Party may contest any original or amended designation of reproduced material in this Action in accordance with Paragraph 10. A Producing Party shall undertake reasonable efforts to promptly notify all Receiving Parties, in writing, if any confidentiality designation the Producing Party made in any other litigation over material produced in this litigation is withdrawn, amended to a different protected category (e.g., Highly Confidential lowered to Confidential), or rejected by any court overseeing such designation and shall promptly withdraw or amend any such confidentiality designation in this litigation in accordance with a ruling in such other litigation to the extent appropriate and consistent with the provisions in this Amended Consent Confidentiality Order and the law in the District of Maine.

**8.** **Filing of CONFIDENTIAL and/or Export Control Documents.** Before any document marked as CONFIDENTIAL and/or Export Control is filed with the Clerk, the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure or has been redacted to remove nonessential confidential information. The filing party shall first consult with the party which originally designated the document as CONFIDENTIAL and/or Export Control to determine whether, with the consent of that party, a redacted document may be filed with the Court not under seal. Where agreement is not possible or adequate, a confidential document may be electronically filed under seal only in accordance with Local Rule 7A. Other than motions to seal and memoranda governed by Local Rule 7A, if the confidential contents of CONFIDENTIAL and/or Export Control documents are incorporated into memoranda or other pleadings filed with the court, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of the contents of CONFIDENTIAL and/or Export Control documents and shall be filed with the Clerk. The confidential version shall be a full and complete version of the pleading, including any exhibits which the party maintains should be under seal and shall be filed with the Clerk attached to a motion to seal filed in accordance with Local Rule 7A. The public version shall plainly indicate the exhibits (both by number and description of the exhibit) that have been filed under seal with the confidential version. In the event the confidential exhibit must be filed under seal because the parties cannot reach agreement on redaction, the filing party, if not the party seeking to maintain confidentiality status, shall describe the document and give it an Exhibit Number, indicating that it will be filed separately under seal by the opposing party. The party seeking to maintain confidential status shall file a motion to seal in accordance with Local Rule 7A within 3 business days following the filing of the opposing party's pleading. Failure to file a

timely motion to seal could result in the pleading/exhibit being unsealed by the court without further notice or hearing.

**9.  No Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**10.  Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL and/or Export Control designation is subject to challenge by any party or non-party (hereafter "party"). The following procedure shall apply to any such challenge.

**(a)  Objection to Confidentiality.** A party may serve upon the designating party an objection to the designation of any document as CONFIDENTIAL and/or Export Control. The objection shall specify the documents, or range of documents, to which the objection is directed. CONFIDENTIAL and/or Export Control documents to which an objection has been made shall remain CONFIDENTIAL and/or Export Control until designated otherwise by waiver, agreement or order of the Court.

**(b)  Obligation to Meet and Confer.** The objecting party and the party which designated the documents to which objection has been made shall have 15 days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL and/or Export Control designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**(c)  Obligation to File Motion.** If the parties cannot reach agreement as to any documents designated CONFIDENTIAL and/or Export Control, the designating party shall file within 30 days of the service of the objection a motion to retain the CONFIDENTIAL and/or Export Control designation. The moving party has the burden to

show good cause for the CONFIDENTIAL and/or Export Control designation. The failure to file the motion waives the CONFIDENTIAL and/or Export Control designation of documents to which an objection was made.

(d)     **Parties' Agreement Not Binding on Court.** Even if the parties have agreed that a document will remain CONFIDENTIAL and/or Export Control for all purposes other than use in Court, such an agreement does not require the Court to order the document to remain sealed.

**11.     Action by the Court.** Applications to the Court for an order relating to documents designated CONFIDENTIAL and/or Export Control shall be by motion under Local Rule 7. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**12.     Use of Confidential Documents or Information at Trial.** A party which intends to present or which anticipates that another party may present at trial CONFIDENTIAL and/or Export Control documents or information derived therefrom shall identify the issue, not the information, in the pretrial memorandum after first conferring with the party who affixed the designation. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**13.     Obligations on Conclusion of Litigation.**

(a)     **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     **Return or Deletion of CONFIDENTIAL** and/or Export Control **Documents.** Within thirty days after dismissal or entry of final judgment whether through

settlement or final judgment (including any and all appeals therefrom), or longer upon the parties' agreement, each Receiving Party will use commercially reasonable efforts to either return or destroy all documents, objects and other materials designated CONFIDENTIAL and/or Export Control under this Order, including copies as defined in ¶ 7(e), including but not limited to materials given to outside counsel, experts, vendors, and in-house counsel unless: (1) the document has been offered into evidence or filed without restriction as to disclosure, including copies of pleadings, filings, transcripts, expert reports and exhibits (but not documents/materials merely cited), or affidavits; (2) or the materials reside on the respective Parties' firms' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, in electronic files that are not reasonably accessible, or in an archiving or back-up system in which deletion of Confidential and Export Control documents would require more than commercially reasonable efforts; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so, after identifying the documents at issue to the producing party with specificity. Counsel responsible for the destruction shall certify to counsel for the Producing Party that all such materials have been destroyed to the extent practicable. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order in accordance with the specific designation given the document by the producing party.

(c) **Third Parties.** Where any third party produces documents in response to a subpoena served by any party in this matter, the party that served the subpoena shall notify the producing third party promptly upon any dismissal or entry of final judgment not subject to further appeal in this matter, so that the producing third party may avail itself of the rights afforded by ¶ 13(b) above.

(d) **Deletion of Documents Filed under Seal from ECF System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

14. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.

15. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL and/or Export Control by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, third parties subject to subpoena, and persons made subject to this Order by its terms.

17. **Non–Waiver of Privilege or Protection.** Nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, including but not limited to confidential business information or personal identifying information, or to

affect the ability of a Party to seek relief for a disclosure of documents protected by privilege, work product, or other protection. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. The existence of this Order cannot be used to compel a party to produce documents without review.

Any Party's production or disclosure of privileged or work-product protected documents, ESI, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection with respect to (a) those documents, ESI, or other information; (b) any other communications or documents relating to the subject matter of those documents, ESI, or other information; or (c) any other communications or documents relating to the individuals or entities who sent, received or are named in those documents, ESI, or other information in this case or any other federal or state proceeding. These protections apply irrespective of the degree of care taken by the producing Party in (1) preventing disclosure, it being expressly recognized that the producing Party is not obligated to engage in any pre-production review of the documents, ESI, or other information to identify privileged materials; or (2) rectifying disclosure, it being further recognized that the producing Party shall have no obligation to engage in post-production review to determine whether it has produced any privileged materials. Notwithstanding the foregoing, any Party may challenge any assertion by the producing Party of attorney-client privilege or work product protection with respect to any particular document or collection/compilation of documents or data.

If a Party inadvertently or otherwise produces or discloses documents, ESI, or other information, that it later discovers, or in good faith later asserts, to be privileged or otherwise

protected from disclosure, the production or disclosure of those documents, ESI, or other information will not be presumed to constitute a waiver of any applicable privileges or other protection, provided the producing Party complies with this Paragraph 17. In such circumstances, the producing Party must notify in writing all Parties to which the documents, ESI, or other information were produced or disclosed of the disclosure and the basis for the privilege or other protection, and request in writing the return or confirmed destruction or sequestration of the privileged or protected documents, ESI, or other information. Upon such notification, the Parties shall treat the documents, ESI, or other information at issue as privileged or protected unless and until the Parties agree otherwise or the Court determines the documents, ESI, or other information are not privileged or protected. Until such agreement or determination is made, the Parties may not use the documents, ESI, or other information during any aspect of this matter or any other matter, including in depositions or at trial. Within ten (10) days of receiving such notification, all receiving Parties shall (a) return the documents, ESI, or other information to the producing Party, and (b) confirm in writing to the producing Party the destruction or sequestration of all such documents, ESI, or other information including all copies, excerpts, summaries, compilations, and other documents or records that include, communicate or reveal the documents, ESI, or other information claimed to be privileged or protected. If sequestered, the certification will state that the documents have been isolated and not copied, distributed, or otherwise used. The producing Party shall preserve all such documents, ESI, or other information and shall be prepared to submit them to the Court in the event of a motion brought by the receiving Party challenging the designation of privilege or other protection.

The Parties further agree that if a Party receiving information, ESI, or documents independently determines that the producing Party produced documents, ESI, or information

that reasonably appears to be subject to a claim of privilege or of protection as trial-preparation material, the receiving Party shall promptly notify the producing Party of the disclosure.

This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

18.    **Data Security.**    Receiving Parties must take reasonable precautions to protect CONFIDENTIAL and/or Export Control information from loss, misuse, and unauthorized access, disclosure, alteration and/or destruction, including but not limited to: CONFIDENTIAL and/or Export Control information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access CONFIDENTIAL and/or Export Control information under this Order;

An audit trail of use and access to litigation support site(s) shall be maintained while this litigation, including any appeals, is pending;

Any CONFIDENTIAL and/or Export Control information downloaded from the litigation support site(s) in electronic format shall be stored only on encrypted device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected with access limited to persons entitled to access CONFIDENTIAL and/or Export Control information under this Order. If the user is unable to password protect and/or encrypt the device, then the parties should reasonably prevent CONFIDENTIAL and/or Export Control information from being used without authorization including, but not limited to, the use of passwords on a file level.

CONFIDENTIAL and/or Export Control information in paper format is to be maintained in a secure location; and

Summaries of CONFIDENTIAL and/or Export Control information based on an examination of CONFIDENTIAL and/or Export Control information, that quote from or paraphrase CONFIDENTIAL and/or Export Control information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying CONFIDENTIAL and/or Export Control information.

19.    **Enforcement.** This Order shall continue to be effective following termination of the Action, and the Court shall retain jurisdiction with respect to this Order after the final judgment or dismissal of the Action. For purposes of enforcement and other matters related to this Order, each person given access to designated documents, ESI, or information under this Order will be deemed to have agreed and will be subject to the jurisdiction of this Court and to the jurisdiction of the state and federal courts where such person received the documents, ESI, or information for purposes of enforcement.

20.    **Non-Waiver of Objections**. Neither this Order nor any of the provisions described herein shall operate as a waiver of any Party's right to object to the relevance, admissibility or discoverability of any documents, ESI, or information, or to seek further protection from the Court before producing documents, ESI, or information that a Party believes may not be adequately protected by the provisions of this Order, or to seek leave to refuse production of such documents, ESI, or information.

*So Ordered.*

Dated:  January 17, 2024                     /s/ John C. Nivison
                                             U.S. Magistrate Judge

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LAWRENCE HIGGINS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>HUHTAMAKI, INC., et al.<br><br>Defendants | 1:21-cv-00369-JCN |

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Amended Consent Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Maine in matters relating to the Amended Consent Confidentiality Order and understands that the terms of the Amended Consent Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL and/or Export Control in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Amended Consent Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____ _____
Signature